IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STEPHANIE LEE,<br><br>   Plaintiff,<br><br>v.<br><br>XOTECH, LLC,<br><br>   Defendant. | Civil Action No.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Stephanie Lee, and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*. Plaintiff alleges that Defendant XOTech, LLC subjected Plaintiff to retaliation after she engaged in protected activities, and respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1.

This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331 & 1343 and the enforcement provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff was an applicant for employment, and the events underlying this action occurred, in Albany, Dougherty County, Georgia, which is located within this judicial district.

## PARTIES

3.

Plaintiff Stephanie Lee (hereinafter, "Plaintiff" or "Lee") is a citizen of the United States and a resident of Georgia. At all times relevant to this suit, Ms. Lee was an applicant for employment with Defendant XOTech, LLC.

4.

At all relevant times, Ms. Lee was considered a covered, non-exempt employee under Title VII of the Civil Rights Act.

5.

Defendant XOTech, LLC (hereinafter, "Defendant") is a domestic limited liability company, organized under the laws of the State of Georgia. Defendant contracts with and provides services to the United States Department of Defense, and as a result, is engaged in interstate commerce. Defendant's principal place of business is located at 150 Howell Road, Suite B, Tyrone, Georgia 30290. Defendant may be served with process through its Registered Agent, Cohen Pollock Merlin & Small, located at 3350 Riverwood Parkway, Suite 1600, Atlanta, Fulton County, Georgia 30339.

6.

Defendant has employed in excess of 15 employees, working for at least 20 calendar weeks, in the year 2020 and in preceding years. As a result, Defendant is a covered employer within the meaning of Title VII of the Civil Rights Act.

**STATEMENT OF FACTS**

7.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 6, as if the same were set forth herein.

8.

Ms. Lee was previously employed as a civilian with the United States Marine Corps at its Marine Corps Logistics Base in Albany, Georgia, beginning in 2004.

9.

During Ms. Lee's employment with the Marine Corps in or around 2011, she was subjected to harassment based on sex for which one of the Marine Corps' employees was responsible.

10.

Ms. Lee reported said harassment to her supervisor, Marine Corps employee Brian Kelly, and she subsequently filed an equal employment opportunity (hereinafter, "EEO") complaint of discrimination.

11.

The supervisor whom Ms. Lee initial complained about the harassment had a friendly relationship outside of with the individual who was responsible for said harassment.

12.

After she filed her EEO complaint, the Marine Corps investigated Ms. Lee's allegations, and the agency ultimately entered into an agreement with Ms. Lee to resolve her claims.

13.

However, the agency failed to abide by the terms of this agreement, including the term that required the individual responsible for the harassment to stay away from Ms. Lee and the warehouse in which she was assigned to work that was also overseen by Mr. Kelly.  Similarly, Mr. Kelly refused to enforce the terms of said agreement.

14.

Ms. Lee was forced to make several additional complaints to management concerning its failure to abide by the terms of the agreement.

15.

At one point in early 2012, Mr. Kelly told Ms. Lee's union representative that the agency was "tired" of Ms. Lee.

16.

Ms. Lee had been a term employee with the agency, having her one-year term contract extended for several years.  At all times during her tenure, Ms. Lee's performance had been exemplary.

17.

However, in spring 2012, Mr. Kelly refused to extend the term of Ms. Lee's contract, and her employment was terminated soon thereafter.

18.

Fortunately, Ms. Lee was able to quickly secure employment with a contractor of the agency in a position that was similar to what she had been doing when she was a civilian employee with the agency, still assigned to work at the Marine Corps Logistics Base in Albany, Georgia.

19.

In fact, between 2012 and 2020, Ms. Lee worked largely interrupted for several different contractors, still doing similar work at the Marine Corps Logistics Base in Albany.

20.

However, during this period of time, Ms. Lee was subjected to harassment by individuals who had friendly relationships with Mr. Kelly and the supervisor responsible for the harassment.

21.

For example, in the position that Ms. Lee had subsequent to the Marine Corps position, a supervisor who was also friendly with Mr. Kelly forced Ms. Lee to work outside, even though she had a warehouse job, and she was subjected to disciplinary action after requesting leave for medical appointments.

22.

In 2017, while Ms. Lee was working for yet another contractor at the Marine Corps Logistics Base, Ms. Lee's supervisor advised her that Mr. Kelly had said something "unfavorable" about Ms. Lee.  Ms. Lee knew suspected that this comment was related to her 2011 EEO complaint, and so she responded to her supervisor by saying that it was simply a personal matter.

23.

In 2020, Ms. Lee applied for a position with Defendant to work as an Embarkation Specialist, a position that would be at the Marine Corps Logistics Base, working in the same warehouse in which Mr. Kelly still oversaw.

24.

On June 11, 2020, Ms. Lee received a letter from Defendant offering her the position for which she applied.

25.

After receiving Defendant's job offer, Ms. Lee resigned from the position that she previously held with a contractor at the Marine Corps Logistics Base.

26.

Subsequently, Ms. Lee successfully completed her onboarding with Defendant.

27.

Ms. Lee continued to communicate with Defendant's management, including to discuss the logistics of the start of her employment such as who her direct supervisors would be and where Ms. Lee would be assigned to work.

28.

Defendant advised Ms. Lee that she would be assigned to work in the same warehouse at the Marine Corps Logistics Base that was still being overseen by Mr. Kelly.

29.

Defendant also advised Ms. Lee that her first day of employment would be on Monday, June 29, 2020.

30.

Based on her experience working for the agency and for contractors, Ms. Lee was aware that there were generally meetings each Friday with Mr. Kelly and other individuals in the agency's management in which certain agency employees and representatives of all of the contractors would also be in attendance.

31.

On such meeting occurred on Friday, June 26, 2020, in which Mr. Kelly and a representative of Defendant were in attendance.

32.

Around the time of this Friday meeting, Mr. Kelly became aware that Defendant had offered Ms. Lee a position and that she would be beginning her employment the subsequent week.

33.

It is generally the responsibility of contractors to make employment decisions, and the agency is not required to approve employment decisions, nor does it weigh into to its contractor's decision making.

34.

However, during the meeting on June 26, 2020, Mr. Kelly told Defendant that it should not allow Ms. Lee to begin her employment with Defendant because Ms. Lee had previously filed an EEO complaint alleging sexual harassment against Mr. Kelly's friend in 2011.

35.

On the same day, June 26, 2020, Defendant sent correspondence to Ms. Lee, advising her that her offer of employment was being withdrawn due to "customer concerns."

36.

Defendant's customer is the United States Marine Corps.

37.

After Ms. Lee received the correspondence from Defendant withdrawing the offer of employment, she sent a number of communications to individuals in Defendant's management attempting to have Defendant change its mind concerning the withdrawal.

38.

At one point in her communications with Defendant, Ms. Lee explained that it was her belief that the decision to withdraw the offer and the "customer concerns" mentioned in the withdrawal letter were connected to her 2011 EEO complaint against Mr. Kelly's friend.

39.

It was only after Ms. Lee communicated this information that, on July 8, 2020, Defendant sent Ms. Lee subsequent correspondence in which Defendant provided a different reason for withdrawing her offer of employment.  In this subsequent correspondence, Defendant said that it was not withdrawing the offer due to customer concerns; rather, that the duties of the job for which Ms. Lee applied had been eliminated by the government.

40.

However, neither the position of Embarkation Specialist, nor its duties, were eliminated by the government.  Defendant's stated reason was indeed false.

41.

At one point thereafter, Defendant also told Ms. Lee that her job offer was being withdrawn because Defendant's contract with the agency would be ending in October 2020.

42.

However, Defendant's contract with the agency was not actually ending in October 2020.

43.

Moreover, during Ms. Lee's communications with Defendant's managers and/or officers, one such individual asked Ms. Lee to provide her information that would enable Defendant to make an online transfer of funds to Ms. Lee.

44.

Ultimately, Defendant refused to reconsider withdrawing Ms. Lee's offer of employment.

45.

In August 2020, Ms. Lee initiated a new EEO complaint against the agency, alleging retaliation for her participation in protected activities in 2011. During the investigation, Mr. Kelly submitted a sworn declaration admitting that, at the very least, he had advised Defendant not to allow Ms. Lee to begin work because of her purportedly poor work ethic.

Procedural/Administrative Background

46.

After making initial contact in July 2020, Ms. Lee submitted her Charge of Discrimination on October 19, 2020 to the Equal Employment Opportunity Commission (hereinafter, "EEOC"), alleging that she had been subjected to retaliation for her previous participation in protected activities. The EEOC assigned Ms. Lee Charge Number 410-2020-06714.

47.

Defendant had notice of Ms. Lee's Charge of Discrimination, participated in the administrative proceedings, and was represented by counsel at that time.

48.

On September 15, 2022, the EEOC issued a Dismissal and Notice of Rights that Ms. Lee received, through counsel, the same day.

49.

Ms. Lee has exhausted her administrative remedies as to her first Charge of Discrimination and she is filing the instant action within ninety days of the EEOC's issuance of a Dismissal and Notice of Rights.

## COUNT I:
## RETALIATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

50.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 49, as if the same were set forth herein.

51.

Under Title VII of the Civil Rights Act, it is unlawful for an employer to retaliate against an employee, or an applicant for employment, because she has opposed any unlawful employment practice.  *See* 42 U.S.C. § 2000e-3(a).

52.

As alleged herein, Plaintiff was engaged in protected activities when she filed a complaint alleging that she had been subjected to unlawful sexual harassment against the United States Marine Corps and the Department of the Navy in or about 2011.

53.

As alleged herein, Plaintiff was also engaged in protected activities when she resolved her complaint of discrimination through a settlement agreement in or about 2012.

54.

After the 2012 resolution of her EEO complaint, Plaintiff was subjected to a pattern of retaliation for which a personal acquaintance of the person she accused of sexual harassment was responsible, both while still employed with the agency and during her subsequent employment with contractors of the agency at the same location in which Plaintiff had previously been employed.

55.

As alleged herein, in June 2020, Plaintiff received an offer of employment from Defendant.  As a result of this offer, Plaintiff resigned from her position with her previous employer, and she prepared to begin working for Defendant.

56.

On June 26, 2020, Defendant was advised of Plaintiff's 2011 complaint of discrimination, alleging sexual harassment, and was told by Plaintiff's previous supervisor not to hire Plaintiff as a result.

57.

On Jun 26, 2020, Defendant withdrew Plaintiff's offer of employment as a result of what Defendant had been told by Plaintiff's former supervisor.

58.

Before changing its position, Defendant initially alluded to the fact that it withdrew Plaintiff's offer of employment as a result of the "concerns" that Plaintiff former supervisor had communicated.

59.

Plaintiff will ultimately prove that the reasons that Defendant later provided for withdrawing the offer of employment are false, and that Defendant withdrew Plaintiff's offer of employment as a direct result of Plaintiff's participation in protected activities.

60.

Plaintiff has been injured by Defendant's retaliatory conduct in response to Plaintiff's participation in protected activities, and Plaintiff is entitled to all damages allowed under the Title VII of the Civil Rights Act, including back pay, injunctive relief, front pay, compensatory and punitive damages in an amount of not less than $300,000.00, or amount otherwise permitted by statute, and reasonable attorney's fees and costs of litigation, in an amount to be proven at trial.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Stephanie Lee respectfully prays for the following relief:

1) That Summons and Process be issued to Defendant The Board of Trustees of Georgia Military College, and that said Defendant be served as provided by law;

2) That this matter be tried before a jury;

3) That judgment be awarded for and in favor of Plaintiff and against Defendant on Count I for retaliation for Plaintiff's participation in protected activities, and grant Plaintiff all relief allowable under Title VII of the Civil Rights Act; and,

4) For such other relief as this Court shall deem just and proper.

Respectfully submitted, this 14th day of December, 2022.

                                                        KENNETH E. BARTON III
                                                        Georgia Bar No. 301171
                                                        *Attorney for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com